Willie Frank Hartley v. Commissioner.
Hartley v. Commissioner
Docket No. 88507.
United States Tax Court
T.C. Memo 1963-37; 1963 Tax Ct. Memo LEXIS 308; 22 T.C.M. (CCH) 150; T.C.M. (RIA) 63037; February 7, 1963
*308 Held: That petitioner has not established his right to a dependency deduction for either of his two children for the taxable year 1958. Willie Frank Hartley, 2214 S. Pryor Rd., Atlanta, Ga., pro se. James D. Burroughs, Esq., for the respondent. FISHEY Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined a deficiency in income tax of the petitioner for the taxable year 1958 in the amount of $392.43. The only issue presented is whether or not petitioner has established the right to a dependency deduction for either or both of his two children for the taxable year 1958. Findings of Fact Some of the facts are stipulated and are incorporated herein by this reference. The petitioner, Willie Frank Hartley, was a resident of Atlanta, Georgia, during the taxable year 1958. He filed a timely individual income tax return, Form 1040, for the taxable year 1958 with the district director of internal revenue for the district of Georgia. Petitioner and Helen Hartley were married on July 26, 1931, and divorced on October 24, 1952. At the time of the divorce there were two minor children, W. F. Hartley, Jr., born in 1944, and Barbara Hartley, *309 born in 1946. The petitioner claimed a dependency deduction for each of his two children. Under the decree of divorce, custody of the two children was awarded to Helen Hartley and during the year 1958 they resided with her in Alabama for 48 weeks and with the petitioner for 4 weeks. In 1958 the petitioner paid Helen Hartley $7.50 weekly per child for each of the 48 weeks they resided with her for a total of $360 per child. For one week in July and three weeks in August of 1958, the children lived with petitioner. He did not make any support payments for these four weeks, but did incur expenses of $37 for food and household expenses for each child. In addition to the foregoing payments, petitioner spent unascertained amounts for taking the children fishing and to the movies, for hair waves for his daughter, for clothes, and for transporting them by cabs. He also gave them money. There is no evidence that these amounts were substantial. The dwelling occupied by Helen and for 48 weeks by the two children was deeded to Helen and the two children at the time the divorce decree was entered into with the provision that petitioner would pay for any reasonable repairs, and for taxes *310 and insurance. In 1958, petitioner made payments totaling $75 for these items. The total ascertained amounts expended by petitioner in 1958 for each child was $472. The total amounts expended by Helen in 1958 (in excess of support payments received from petitioner) for the son was not less than $766.90 and for the daughter was not less than $737.55. Helen was employed at Lanett Cotton Mills. Opinion So many opinions of this type have been filed by us that it is not necessary even to repeat the statutory requirements. Petitioner is entitled to a dependency deduction for a child in the posture of this case only if he has established that over half of the support of such child in the year in question was received from him. Our Findings make it clear that he has not established the facts essential to his case, and further that, as far as the affirmative facts go, it would appear that over one-half of the support of each child was received from the wife in 1958. Discussion of other requirements of the statute are unnecessary in the instant case. We, accordingly, hold for respondent. Decision will be entered for the respondent.